FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 29, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTIN K.,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No. 1:19-CV-03047-RHW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 9 & 10.  Plaintiff brings this action seeking judicial review of the Commissioner's final decision denying his application for Social Security Disability Insurance under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.  After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed.  For the reasons set forth below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter back to the Commissioner for additional proceedings.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 1

## I. Jurisdiction

Plaintiff filed an application for Social Security Disability Insurance on December 5, 2014. AR 81. He alleged a disability onset date of November 30, 2013. AR 239. Plaintiff's application was initially denied on July 22, 2015, AR 111-17, and on reconsideration on December 10, 2015, AR 119-27.

Administrative Law Judge ("ALJ") Eric S. Basse held a hearing on July 27, 2017 and heard testimony from Plaintiff and vocational expert Kimberly Mullinax. AR 32-80. On February 22, 2018, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 15-26. The Appeals Council denied Plaintiff's request for review on January 9, 2019. AR 1-5. Plaintiff sought judicial review by this Court on March 14, 2019. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 2

Security Act. 20 C.F.R. § 404.1520(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 404.1520(a). If the claimant cannot engage in his previous occupations, the ALJ proceeds to step five and the burden shifts to the Commissioner to demonstrate that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

### III.   Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 3

1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is harmless.  *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted).  The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was 27 years old at the alleged date of onset.  AR 239.  At application, Plaintiff alleged that the following conditions

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 4

limited his ability to work: attention definition hyperactivity disorder (ADHD); anxiety; posttraumatic stress disorder (PTSD); severe depression/mania; insomnia, back pain; right knee pain/nerve damage; hearing loss; and hypertension. AR 265. Plaintiff completed his GED in 2004. AR 266. At the time of application, Plaintiff stated he had previously worked as a customer service representative in a call center, a fruit packer, a light duty laborer in construction, a security guard, and a sorter. *Id*. Plaintiff reported that he stopped working on November 30, 2013 because of his condition. AR 265.

V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from the alleged date of onset, November 30, 2013, through the date of the decision. AR 15-26.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged date of onset, November 30, 2013. AR 17 (citing 20 C.F.R. § 404.1571 *et seq*.).

**At step two**, the ALJ found that Plaintiff had the following severe impairments: right knee degenerative joint disease; ACL repair; depression; anxiety; and substance abuse (citing 20 C.F.R. § 404.1520(c)). AR 17.

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of

the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 18 (citing 20 C.F.R. § 404.1520(d)).

**At step four**, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform sedentary work with the following limitations:

> [H]e can occasionally climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, and crouch. He cannot kneel or crawl. He can have no noise exposure more than moderate. He can have no concentrated exposure to hazards. He can have no interaction with the public as part of his job tasks. He can have occasional interaction with supervisors. He can have occasional interaction with coworkers in small groups of familiar people.

AR 19. The ALJ identified Plaintiff's past relevant work as security guard, agricultural produce sorter, and agricultural produce packer and found he was unable to perform any of this past relevant work. AR 24-25.

**At step five**, the ALJ found that, in light of his age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the jobs of escort vehicle driver, document preparer, assembler, and toy stuffer. AR 25-26.

## VI.   Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues that the ALJ erred by: (1) failing to properly consider Plaintiff's symptom statements; (2) failing to properly weigh the medical opinion evidence; and (3) filing to make a proper

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6**

step three determination. ECF No. 9.

## VII. Discussion

### A. Plaintiff's Symptom Statements

Plaintiff challenges that ALJ's determination that his symptom statements are unreliable. ECF No. 9 at 9-12.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable. *Tommasetti*, 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id*. Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id*.

Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged; however, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" AR 19-20.

The Ninth Circuit has specifically held that a generic non-credibility finding

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7**

followed by a summary of the medical evidence does not meet the "specific" portion of the "specific, clear and convincing" standard. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The Ninth Circuit held that, "[t]he clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) *citing Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (internal citations omitted).[1] Therefore, any reason the Court must "infer" from the ALJ's decision as a reason for rejecting Plaintiff's testimony cannot meet the "specific, clear and convincing standard." *See Brown-Hunter*, 806 F.3d at 494 ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and ours only to review. As we have long held, '[W]e are constrained to review the reasons the ALJ asserts.'" citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

---

[1] The language in *Garrison* identifying the clear and convincing standard as the most demanding required in Social Security cases has been continued to be referenced by the Ninth Circuit in decisions since the March 28, 2016 effective date of the S.S.R. 16-3p. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 8

Here, the ALJ found that Plaintiff's "symptoms are not entirely consistent with the medical evidence," summarized the medical evidence, and concluded that "[o]verall, the longitudinal history of the treatment records fail to support a finding of disabling impairment." AR 31-33. Therefore, this fails to meet the specific, clear and convincing standard as the Ninth Circuit discussed in *Brown-Hunter*.

Defendant argues that the ALJ provided two specific reasons for rejecting Plaintiff's symptom statements: (1) that his conditions improved with treatment and (2) that he was noncompliant with treatment recommendations. ECF No. 10 at 5-7. However, the ALJ's decision does not clearly set forth these as reasons to support the ALJ's determination that Plaintiff's symptom statements are not reliable and qualify as *post hoc* rationalization, which will not be considered by this Court. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). Therefore, the case is remanded for the ALJ to readdress Plaintiff's symptom statements and make a new RFC determination.

**B. Medical Opinion Evidence.**

Plaintiff challenges the weight the ALJ gave to the opinions of Mary Pellicer, M.D. and Ivonne Garcia, M.S.W. ECF No. 9 at 12-19.

The Ninth Circuit has distinguished between three classes of medical

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9**

providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

### 1. Mary Pellicer, M.D.

On June 5, 2015, Dr. Pellicer completed a consultative evaluation of Plaintiff. AR 558-93. Since she completed a one-time evaluation, she is an examining provider. She opined that Plaintiff had the following functional limitations:

> Based on the patient's history, my examination, and other available information, I think this claimant has the following functional limitations:
> - He is able to stand and walk for 2-3 hours in an 8 hour day with more frequent breaks due to knee pain.
> - He is able to sit for about 6 hours cumulatively in an 8 hour day

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 10

- with more frequent breaks due to knee pain.
- A knee brace is medically necessary for pain.
- The claimant would be capable of lifting and carrying 10-15 lbs occasionally due to knee pain.
- The claimant can bend but can't squat, crawl, kneel or climb due to knee pain.
- There are no manipulative restrictions.
- He is able to see, speak and drive independently and do all the necessary daily self-care activities.
- He may have problems in noisy environments due to some hearing loss.

AR 593. The ALJ assigned the opinion "great weight" and stated that "I note that I have provided slightly greater accommodation than opined by Dr. Pellicer, but find that her opinion is consistent with the findings in the imaging results and the physical evaluations throughout the record." AR 23.

Plaintiff argues that the ALJ failed to account for Dr. Pellicer's opinion that Plaintiff would need more frequent breaks due to knee pain. ECF No. 9 at 13-14. "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." S.S.R. 96-8p. The ALJ's RFC determination included Dr. Pellicer's limitation to sedentary work and the postural limitations, but it did not address the need for additional breaks. AR 19. Therefore, the ALJ's failure to address Dr. Pellicer's opinion that Plaintiff would require additional breaks due to pain was an error.

Defendant concedes that the ALJ failed to include the need for additional

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 11

1  breaks in the RFC determination, but argues that the error is harmless because the
2  jobs provided by the vocational expert would allow Plaintiff "to stand, stretch, and
3  sit more frequently than their normally scheduled rest breaks." ECF No. 10 at 8.
4  Plaintiff argues that the need for additional breaks due to knee pain would result in
5  Plaintiff being off task more than 10% of the workday, and therefore inconsistent
6  with competitive work. ECF Nos. 9 at 13-14 & 11 at 5-6. The vocational expert
7  testified that a break in productivity of more than 10% of the workday would not
8  be tolerated in competitive employment. AR 77.
9    The Court will not determine whether this error was harmful because the
10 case is being remanded for the ALJ to address Plaintiff's symptom statements.
11 Therefore, the ALJ will also readdress Dr. Pellicer's opinion on remand and
12 address any ambiguity regarding additional breaks with a vocational expert.
13    **2. Ivonne Garcia, M.S.W.**
14    On February 24, 2017, Ms. Garcia completed a Mental Source Statement
15 opinion that Plaintiff had a moderate limitation in ten basic areas of mental
16 functioning. AR 610-11. A moderate limitation is defined as "[s]ignificant
17 interference with basic work-related activities i.e., unable to perform the described
18 mental activity for at least 20% of the work day up to 33% of the work day." AR
19 610.
20    The ALJ gave the opinion "little weight" because Ms. Garcia's opinion was

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 12

on a check the box form, it was inconsistent with her treatment notes, and it was inconsistent with the majority of the mental health records. AR 24. While Ms. Garcia is not an acceptable medical source, *see* 20 C.F.R. § 404.1502(a), she is still a treating non-acceptable medical source, *see* 20 C.F.R. § 404.1527(f). Since the case is remanded for additional proceedings to further address the opinion of Dr. Pellicer, the ALJ will also address the opinion of Ms. Garcia anew.

**C. Step Three**

Plaintiff argues that the ALJ erred in his step three determination by providing only a boilerplate assertion that Plaintiff did not meet or equal the "paragraph C" criteria for Listings 12.04 and 12.06. ECF No. 9 at 5.

If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the "Listing of Impairments," then the claimant is presumed disabled at step three, and the ALJ need not to consider his age, education, and work experience. 20 C.F.R. § 404.1520(d). An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not meet a listing. *Id*.

"The paragraph C criteria are an alternative to the paragraph B criteria under listings 12.02, 12.03, 12.04, 12.06 and 12.15." 20 C.F.R. Pt. 404, Subpt. P, App. 1

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 13

§12.00(G)(1). To meet or equal the paragraph C criteria, a claimant must show that his mental disorder is "serious and persistent" and there is evidence of both: (1) "Medical treatment, mental health therapy, psychological support(s), or a highly structured setting(s) that is ongoing and that diminishes that symptoms and signs of your mental disorder"; and (2) "Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life." "Serious and persistent" is defined as "you have a medically documented history of the existence of the disorder over a period of at least 2 years." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§12.04(C), 12.06(C).

The ALJ's step three determination addressed the "paragraph B" criteria in detail and then stated "I have also considered whether the 'paragraph C' criteria are satisfied. In this case, the evidence fails to establish the presence of the 'paragraph C' criteria." AR 18-19. This two-sentence paragraph is insufficient under *Lewis*. Therefore, upon remand, the ALJ will readdress the step three determination under the "paragraph C" criteria of Listings 12.04 and 12.06.

### VIII. Conclusion

Plaintiff asks the Court to apply the credit-as-true rule and remand this case for an immediate award of benefits. ECF No. 9 at 19-20.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 14

888 F.2d 599, 603 (9th Cir. 1989). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court remands for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled and the ambiguity regarding Dr. Pellicer's opinion that Plaintiff would require additional breaks must be resolved. Further proceedings are necessary for the ALJ to properly consider Plaintiff's symptom statements, to properly consider the medical opinions in the record, and to make a new step three determination. Additionally, the ALJ will supplement the record with any outstanding evidence and call a vocational expert to testify at a remand hearing.

Accordingly, **IT IS ORDERED:**

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 15

1. Plaintiff's Motion for Summary Judgment, **ECF No. 9,** is **GRANTED, in part.**

2. Defendant's Motion for Summary Judgment, **ECF No. 10,** is **DENIED.**

3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

4. Judgment shall be entered in favor of **Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 29th day of January, 2021.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 16